# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION** |
| V. | **PENDING TRIAL** |
| **MOHAMED ABUKAR SUFI** | Case Number: <u>1:10-CR-234</u> |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was born in Somalia and came to this country in 1996, and became a citizen in 2002. At that time he took an oath that he would support the laws of the United States. Since that time, however, he has by his own admission violated the banking laws of the United States by operating an unlicensed hawala, the Department of Agriculture's food stamp program, and the WIC benefits program. It also appears he has violated the Sec. 8 Low Income Housing Program.

Defendant has sent large amounts of money to countries in Africa and the Middle East. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

no condition or combination of conditions will assure the presence of the defendant for future court proceedings. To release the defendant, the court would have to place trust in his word that he would abide by the conditions of release and appear as promised. However, since becoming a citizen of this country, defendant has repeatedly broken his sworn oath of alliance, and has defrauded by misrepresentation a variety of programs designed to benefit people in need. (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: <u>August 16, 2010</u>

/s/ Hugh W. Brenneman, Jr.
_____
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

Although part of this money may have belonged to other persons as part of the hawala system, it appears a substantial portion of the money has been retained by the defendant and his family, and they have been able to draw on these funds while in such places as Jeddah and Mecca. Because defendant was apparently structuring his transfers to defeat accurate record-keeping, there are few records available at this moment to show what his funds actually are.

He and his family (brother, wife, child) have shown the ability to readily travel worldwide.

Defendant has the support of a sizable portion of the Somalian population in Grand Rapids.

**Part II - Written Statement of Reasons for Detention** - (continued)

Crimes of dishonesty undermine trust in his word. Nor is he without resources to flee, if he chose to do so, since he has the ability to readily travel throughout segments of the world where it would be difficult for the United States to track him, and he apparently has unknown sums of money at his disposal. Finally, he has a motive to flee in that he faces a substantial period of incarceration if convicted.